```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-31-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
FISHER SIGERSON MORRISON LLC,

                    Plaintiff,

          - against -

KARI SIGERSON and MIRANDA MORRISON,

                    Defendants.

------------------------------------------------------------------ X

Civil Action No. 11 civ 3440 (PKC)

**STIPULATION AND ORDER**

      Whereas Plaintiff Fisher Sigerson Morrison LLC ("FSM") initiated this action against Defendants Kari Sigerson and Miranda Morrison, on May 19, 2011, in New York Supreme Court, New York County;

      Whereas Plaintiff filed a Motion, by Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction on May 19, 2011, seeking to enjoin defendants from, among other things, use of the SIGERSON MORRISON trademark and trade name;

      Whereas Defendants removed this action to the Southern District of New York on May 20, 2011;

      Whereas this Court issued a Temporary Restraining Order on May 20, 2011;

      Whereas a hearing on Plaintiff's Motion for a Preliminary Injunction was scheduled for May 31, 2011;

      Whereas Kari Sigerson and FSM are parties to an Employment Agreement dated August 24, 2006;

      Whereas Miranda Morrison and FSM are parties to an Employment Agreement dated August 24, 2006;

      Whereas, among other disputes between the parties, Kari Sigerson and Miranda Morrison dispute whether Kari Sigerson and Miranda Morrison are subject to any non-compete provisions;

      Whereas the parties wish to resolve the pending motion;

      IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES,

THROUGH THEIR UNDERSIGNED COUNSEL, AS FOLLOWS:

1

1. The parties agree that neither Kari Sigerson or Miranda Morrison shall use the SIGERSON MORRISON® mark, or any combination or derivation thereof, including by way of example only, and not by way of limitation: "Sigerson Morrison," "Sigerson & Morrison," "Sigerson + Morrison," "Sigerson and Morrison," "Sigerson, Morrison", "Sigerson-Morrison,"Morrison Sigerson," "Morrison & Sigerson," "Morrison + Sigerson," "Morrison and Sigerson," "SM," or the use of their two names in combination with any other words or terms.

2. The parties further agree that Kari Sigerson and Miranda Morrison may use their individual surnames in association with the sale or promotion of shoes, boots, handbags, accessories, or other leather goods, only if such use is in a descriptive, non-trademark sense, and is used in materials (including but not limited to packaging, promotional materials and advertisements) that include a reasonable disclaimer that there is no connection to the brand SIGERSON MORRISON. By way of example, and not by limitation, neither Kari Sigerson nor Miranda Morrison shall use their individual surnames so as to present those names as a mark or any part of a mark.

3. Fisher Sigerson Morrisson LLC ("FSM") agrees that FSM will not seek to enforce Sections 11(a)(w), (x), and (y) of the Employment Agreements for Kari Sigerson and Miranda Morrison, to the extent any such provisions may be applicable. Moreover, notwithstanding anything to the contrary in Section 11, defendants may not hire any former FSM employees -- either currently former employees or those who become former employees after the date hereof -- until six (6) months from the date of defendants' termination of employment with FSM.

4. FSM agrees that Kari Sigerson and Miranda Morrison may sell off any remaining inventory from the 71st Street Store and may truthfully indicate that the inventory comprises SIGERSON MORRISON goods, provided that any such sale is not advertised in a manner that creates the impression that SIGERSON MORRISON is going out of business, and provided that all emails concerning, and other advertisements and promotions of, such sale include the disclaimers of affiliation with FSM and SIGERSON MORRISON that were mandated by the Court in its May 20, 2011 temporary restraining order, which disclaimers must be posted in a prominent fashion at any such sale.

5. Except as expressly set forth herein, this stipulation is without prejudice to the parties' rights, remedies, claims and defenses.

6. The temporary restraining order previously entered by the Court in this matter, on May 20, 2011, and currently in effect shall be vacated, and FSM shall withdraw its motion for a preliminary injunction upon this

stipulation being so-ordered.

7. This stipulation is made subject to the Court approving and so-ordering its terms. If the Court declines to so-order this stipulation, the stipulation shall be void.

STIPULATED AND AGREED:

| ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP | KASOWITZ, BENSON, TORRES & FIREDMAN LLP |
|---|---|
| By: _____ | By: _____ |
| John K. Crossman | Jonathan Minsker |
| 875 Third Avenue | 1633 Broadway |
| New York, New York 10022 | New York, New York 10019 |
| 212.223.6700 | 212 506 1700 |
| *Attorneys for Defendants Kari Sigerson and Miranda Morrison* | *Attorneys for Plaintiff Fisher Sigerson Morrison LLC* |

*In view of the stipulation, the motion for a preliminary injunction is deemed withdrawn without prejudice.*

SO ORDERED,

_____, Dated: May 31, 2011

Hon. P. Kevin Castel, U.S.D.J.

3